UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4118

AUSTIN M. ENSLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-95-136)

Submitted: August 11, 1998

Decided: September 16, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack W. Stewart, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Thomas R. Ascik, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Austin M. Ensley appeals from his conviction on one count of committing mail fraud, 18 U.S.C. § 1341 (1994), for which he was sentenced to thirty-two months imprisonment. Ensley's only claim on appeal is that he was denied a fair trial because the government tardily disclosed the existence of a grant of immunity to a key witness against him. We affirm.

Ensley's home in Andrews, North Carolina, was destroyed by fire in September 1994. He mailed a proof of loss and claim to his insurance company claiming a loss for the home and its contents in the amount of $419,568.51. After an investigation uncovered a number of items Ensley claimed were destroyed in the fire, he was indicted for mail fraud. At Ensley's trial, the government called Wendy Henderson, Ensley's ex-wife, who testified that Ensley had told her shortly after the fire that he had paid a man to burn the house. Henderson also testified that, after the fire, she had seen a number of personal property items listed on the proof of loss form, which she had typed.

On the second day of her testimony, during cross-examination, the government attorney passed a handwritten note to defense counsel stating that Henderson had been granted immunity four days earlier. Ensley's attorney then questioned her extensively regarding the grant of immunity. At no time, however, did he object or ask for a continuance or a new trial. Ensley now claims that the government's failure to timely disclose the immunity agreement was a prosecutorial abuse of authority mandating a new trial. We disagree.

Because Ensley failed to object, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano , 507 U.S. 725, 731-32 (1993). To establish plain error, Ensley must show that the error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Furthermore, even if Ensley can meet this burden, we must determine whether this is an appropriate situation for an exercise of our discretion to correct the error, i.e.,

2

whether it seriously affects the fairness, integrity or public reputation of judicial proceedings. See Olano, 507 U.S. at 732.

Ensley's claim is based on alleged Brady and Giglio violations. See Brady v. Maryland, 373 U.S. 83 (1963) (imposing obligation on prosecutors to disclose material exculpatory information which is favorable to the defense); see also Giglio v. United States, 405 U.S. 150 (1972) (requiring prosecutors to provide the defense with evidence relating to the credibility of prosecution witnesses). However, there is no requirement regarding the timing of the government's disclosure in this case. Rather, the issue is whether disclosure is made before it is too late for the defendant to make use of any benefits of the evidence. See United States v. Johnson, 54 F.3d 1150, 1164 (4th Cir. 1995) ("The information . . . allegedly withheld was ultimately disclosed, and none of the alleged violations affected the outcome of the case."); United States v. Ziperstein, 601 F.2d 281, 291 (7th Cir. 1979) ("As long as ultimate disclosure is made before it is too late for the defendant[ ] to make use of any benefits of the evidence, Due Process is satisfied."). On the present facts, Ensley's counsel had ample time to make use of this material in the cross-examination of Henderson and, in any event, Ensley cannot show that the tardiness in any way affected the outcome of his trial.

Accordingly, we affirm Ensley's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3